**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11607
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL ROMAN BLACK,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00113-RDP-GMB-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Black appeals from the district court's denial of his motion for a new trial on his convictions for (1) threatening to mur-

der an Assistant United States Attorney on account of her performing her official duties; (2) soliciting the victim's murder; and (3) making materially false statements to federal law enforcement. He contends that the evidence against him is "thin" enough to warrant a new trial on each count. Specifically, as to the first count, Black argues that his statements regarding the victim did not reflect a serious intent to kill her and were just examples of jailhouse "mouthing off." Similarly, as to the solicitation count, Black contends that because he only talked about killing the victim while he was in jail, circumstantial evidence does not demonstrate that he actually intended for the victim to die. And as for the false statements count, Black argues that his lies to federal investigators were immaterial because they already had sufficient evidence to charge him, so his assertions could not have influenced their decision to do so. Because we reject each of Black's challenges, we affirm the district court.

## I.

We review a district court's denial of a defendant's motion for a new trial for abuse of discretion and give the denial "great[] deference." *United States v. Moore*, 76 F.4th 1355, 1363 (11th Cir. 2023). A district court may grant a new trial if the interest of justice requires it. Fed. R. Crim. P. 33(a). To evaluate a motion for a new trial, a district court "sits as a 'thirteenth juror'" and weighs the evidence presented at trial. *United States v. Brown*, 934 F.3d 1278, 1298 (11th Cir. 2019) (quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982)). A district court may grant a motion for a new trial only if the evidence

preponderates against the verdict so heavily that allowing the verdict to stand would be a miscarriage of justice. *Id.* at 1297.

Federal law prohibits threatening to murder a United States official with the intent to (1) impede, intimidate, or interfere with that official's performance of his or her official duties or (2) retaliate against that official for the performance of his or her official duties. 18 U.S.C. § 115(a)(1)(B).

Federal law also prohibits soliciting another person to commit a violent crime. 18 U.S.C. § 373(a). A defendant violates § 373(a) if he (1) solicits another person to "engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force" and (2) conducts the solicitation under circumstances that strongly corroborate his intent. *United States v. Gillis*, 938 F.3d 1181, 1195–96 (11th Cir. 2019) (quoting § 373(a)).

Finally, federal law prohibits knowingly making a materially false statement about a matter within the jurisdiction of a branch of the United States Government. 18 U.S.C. § 1001(a)(2). Convicting a defendant under § 1001(a)(2) requires proving that (1) the defendant made a false statement; (2) the defendant's statement was material; (3) the defendant made the false statement specifically intending to deceive; and (4) the statement was within the jurisdiction of a United States agency. *United States v. House*, 684 F.3d 1173, 1203 (11th Cir. 2012). A false statement is material if it has a "natural tendency to influence, or be capable of influencing," a government body's decision. *United States v. Boffil-Rivera*, 607 F.3d 736, 741

(11th Cir. 2010) (citation modified). A false statement need not actually influence a government body's decision to be material. *Id.* A false statement that has a natural tendency to influence authorities' decision to issue an indictment is material even if authorities know the statement is false. *See United States v. Clay*, 832 F.3d 1259, 1293, 1309 (11th Cir. 2016) (holding that a defendant's false statement to federal agents investigating healthcare fraud was material because his statement had a natural tendency to influence the agents' decision on indicting him for fraud).

## II.

Black's arguments do not demonstrate that the district court abused its discretion by denying his motion for a new trial as to any count. *See Moore*, 76 F.4th at 1363.

For starters, the evidence weighed in favor of finding Black guilty for threatening to murder a federal officer. Black repeatedly told another prisoner that he intended to have two individuals assassinate the victim due to the plea deal she offered him. *See* § 115(a)(1)(B); *see also Brown*, 934 F.3d at 1297–99. At trial, the government entered recorded conversations in which Black made these threats. This evidence constitutes, at a minimum, sufficient evidence to suggest that Black threatened to murder the victim as retaliation for performing her duties as the statute requires. *See, e.g.*, *United States v. Curtin*, 78 F.4th 1299, 1307 (11th Cir. 2023); *see also United States v. Berki*, 936 F.2d 529, 531 (11th Cir. 1991).

Black's argument on the solicitation count—that the circumstances do not corroborate an intent to have the victim killed—is

similarly meritless. Black solicited help from a fellow inmate to gather information on the kind of vehicle the victim drove. And the government introduced evidence that Black then willingly accepted information about what he believed to be the victim's car and, based on that information, devised an elaborate scheme for other, named associates to kill her in her car. *See* § 373(a); *see also Gillis*, 938 F.3d at 1195–96. The government also introduced evidence suggesting that those associates in fact owned the weapons to carry out Black's plan. Such evidence is more than enough for a jury to determine that Black solicited others to assist in murdering a federal officer and that the circumstances corroborated his intent to have the murder carried out. *See Gillis*, 938 F.3d at 1195-96.

Finally, Black's argument regarding his false statements to law enforcement count fails as well. When questioned by federal law enforcement officers, Black repeatedly denied knowledge of a plan to kill the victim. These denials were, of course, false, and Black knew that they were false. And these denials, as an objective matter, had a natural tendency, had they been believed, to influence federal authorities' decision to indict him. *See Boffil-Rivera*, 607 F.3d at 741; *see also Clay*, 832 F.3d at 1309. That Black's false statements did not, in fact, dissuade federal authorities from charging him does not render his statements immaterial. *See Boffil-Rivera*, 607 F.3d at 741.

**III.**

**AFFIRMED.**